UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JAMES ALLEN,<br><br>         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 22-CV-1721 JLS (NLS)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) SCREENING PLAINTIFF'S COMPLAINT; (3) DIRECTING THE CLERK OF THE COURT TO ISSUE SUMMONS; AND (4) DIRECTING THE U.S. MARSHAL TO SERVE DEFENDANT**<br><br>(ECF Nos. 1 & 2) |

  Presently before the Court are Plaintiff Brian James Allen's Complaint ("Compl.," ECF No. 1) as well as his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion," ECF No. 2). This action was reassigned to this Court when the Clerk of the Court failed to receive Plaintiff's Consent/Declination Form within twenty-one days of the date of the Notice of Social Security Case Assignment. *See* ECF Nos. 4 & 5. Having carefully considered Plaintiff's filings and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion, **SCREENS** Plaintiff's Complaint, **DIRECTS** the Clerk of the Court to issue the summons, and **DIRECTS** the U.S. Marshal to effect service.

## *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's affidavit shows that he receives $100.00 per month in financial assistance from his partner. *See* IFP Mot. at 1–2. Plaintiff has been unemployed for at least the past two years. *See id.* at 2. Plaintiff has $5.00 in cash and less than $50.00 in bank accounts, *see id.* at 2, and he owns no assets, *see id.* at 3. Plaintiff's monthly expenses of $900.00 exceed his monthly income. *See id.* at 4–5. He notes that, although he has applied to dozens of jobs, "no one will hire [him]," and his partner has to help pay his bills. *Id.* at 5.

The Court thus concludes that Plaintiff adequately has demonstrated that paying the filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.");

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a

complaint if the plaintiff has not supported his contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In Social Security appeals, a complaint challenging the Commissioner of Social Security's (the "Commissioner") denial of benefits "must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief." *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why, instead simply reciting the general standards governing review of that decision).[1] "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).

In the present case, Plaintiff appeals Defendant Kilolo Kijakazi, Acting Commissioner of Social Security's (the "Commissioner" or "Defendant"), decision denying Plaintiff's claim for disability benefits. *See generally* Compl. Plaintiff alleges that he has exhausted all administrative remedies, as the administrative law judge's ("ALJ") decision became final on September 7, 2022, and the instant action was initiated within sixty days, on November 4, 2022, *see id.* ¶ 9; *see also generally id.*; he pleads that he resides within this judicial district, *see id.* ¶ 1; he alleges that he has been disabled since March 12, 2015, as the result of specified medically severe impairments, *see id.* ¶¶ 5–7;

---

[1] *Montoya* set forth the following pleading requirements for Social Security appeal complaints: (1) the plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action commenced within 60 days after notice of final decision; (2) the complaint must list the judicial district in which the plaintiff resides; (3) the complaint must state how the plaintiff is disabled and when the plaintiff became disabled; and (4) the complaint must contain a short and plain statement that identifies why the plaintiff disagrees with the Commissioner's determination and show that the plaintiff is entitled to relief. 2016 WL 890922, at *2.

22-CV-1721 JLS (NLS)

and he provides the bases for his disagreement with the Commissioner's determination, *see id.* ¶ 8.  Accordingly, the Court finds that Plaintiff's Complaint is adequate, at this stage of the proceedings, to state a claim and that Plaintiff is entitled to U.S. Marshal service on his behalf.  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## CONCLUSION

In light of the foregoing and good cause appearing:

1. The Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2).

2. The Court finds that Plaintiff's Complaint survives the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2) and accordingly **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285") for Defendant. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that Plaintiff may serve Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the USM Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP Package.

3. Upon receipt of Plaintiff's complete USM Form 285, the Court **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285.  All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Defendant thereafter **SHALL RESPOND** to Plaintiff's Complaint within the time and in the manner provided by Civil Local Rule 7.1(e)(6)(d).  *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A(b) and thus has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).  Thereafter, the Parties **SHALL COMPLY** with the merits briefing schedule set forth in Civil Local Rule 7.1(e)(6)(e).

      IT IS SO ORDERED.

Dated:  December 2, 2022

Hon. Janis L. Sammartino
United States District Judge